UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NANCY F.,[1]

        Plaintiff,

    v.                                                                23-CV-978 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## DECISION AND ORDER

Plaintiff Nancy F. brought this action under 42 U.S.C. § 405(g) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 4. The Commissioner responded and cross-moved for judgment on the pleadings. Dkt. 8. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

_____

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB"), filed on September 8, 2020.[2] Tr. 195–96.[3] Plaintiff's application was initially denied, as well as upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 63–91, 97–102, 108–24. Following the hearing, at which Plaintiff was represented by counsel, ALJ Stephen Cordovani issued a decision finding that Plaintiff was not disabled. Tr. 12–62. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1–6; Dkt. 1.

## LEGAL STANDARDS

### I.    DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue,* 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill,* 589 U.S. 97, 99 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such

---

[2] Plaintiff applied for DIB, which requires a claimant to show that he or she became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi,* 31 F.4th 64, 69–70 (2d Cir. 2022).

[3] The filing at Dkt. 3 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 3 are hereby denoted "Tr. __."

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation modified).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (explaining that the Court's review for legal error ensures "that the claimant has had a full hearing under the regulations and in accordance with the beneficent purposes of the Social Security Act." (citation modified)).

## II.    DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520; *see Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 404.1572. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 404.1520(b).

3

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant's impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(d). If such criteria are met, then the claimant is declared disabled. *Id.*

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). *Id.* § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. *Id.* § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age,

4

education, and work experience. *Id.* § 404.1560(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. *Id.* §§ 404.1520(g), 404.1560(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 14, 2020. Tr. 18. The ALJ also found that Plaintiff suffered from the following impairments: hyperthyroidism, osteoporosis, lumbar degenerative disc disease, essential tremor, varicose veins, anxiety, and depression. *Id.* The ALJ concluded, however, that those impairments were not severe because they did not, or were not expected to, significantly limit Plaintiff's ability to perform basic work-related activities for a period of 12 consecutive months. *Id.* As such, according to the ALJ, Plaintiff had not been under a disability since her alleged onset date. Tr. 22.

### II. PLAINTIFF'S ARGUMENT

Plaintiff makes two arguments for judgment in her favor. *See* Dkt. 4-1 at 9–14. First, Plaintiff argues that the ALJ erred at step two by determining that her anxiety and depression were non-severe impairments. *See id.* at 9–13. Second, Plaintiff argues that the ALJ "failed to properly evaluate the impact of stress on

[her] ability to work." *See id.* at 13–14. For the reasons that follow, this Court disagrees.

## III.   ANALYSIS

### A.    Step Two Determination

At step two of the disability determination, "the ALJ determines whether the claimant has an impairment, or combination of impairments, that is 'severe' within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities." *Felix S. v. Comm'r of Soc. Sec.*, 630 F. Supp. 3d 423, 427 (W.D.N.Y. 2022). Although the claimant bears the burden of establishing severity, such burden "is *de minimis* and is meant only to screen out the weakest of claims." *See id.* at 427–28 (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995)).

Regarding a claimant's alleged mental impairments, "the regulations instruct the ALJ to apply a 'special technique' in determining whether [those] impairments are severe." *Sharon J. v. Comm'r of Soc. Sec.*, 716 F. Supp. 3d 59, 64 (W.D.N.Y. 2024). This special technique "instructs the ALJ to consider [four] broad areas of mental [work-related] functioning." *See id.* Those four areas are: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *See* 20 C.F.R. § 404.1520a(c)(3). If the ALJ does not find more than a "mild" limitation in any of those four areas, then the claimant's medically determinable mental impairments are non-severe. *See id.* § 404.1520a(d)(1).

6

Here, the ALJ considered Plaintiff's anxiety and depression and determined that they were non-severe impairments because the record "fail[ed] to support significant limit[ations]." *See* Tr. 20.  More specifically, the ALJ found that Plaintiff had: (1) no limitation in understanding, remembering, or applying information; (2) a mild limitation in interacting with others; (3) a mild limitation in concentrating, persisting, or maintaining pace; and (4) a mild limitation in adapting or managing herself.  *See* Tr. 21–22.  Those findings mirrored the opinions of state agency review consultants O. Fassler, PhD, and T. Inman, PhD.  *See* Tr. 69–71 (relevant portion of Dr. Fassler's opinion); Tr. 85–87 (relevant portion of Dr. Inman's opinion).

More importantly, however, the ALJ's findings were supported by the opinion of consultative examiner Todd Deneen, PsyD, who concluded that Plaintiff only had mild limitations in sustaining concentration and performing a task at a consistent pace, regulating emotions, controlling behavior, and maintaining well-being.  *See* Tr. 345–46.  They also were supported by Plaintiff's own reported activities of daily living, which included showering and dressing daily, cooking and cleaning seven times a week, laundering twice a week, shopping once a week, watching TV, listening to the radio, reading books, playing sports, and socializing with friends.  *See* Tr. 338.  Accordingly, the ALJ's step two determination is supported by substantial evidence.  *See Diaz v. Shalala*, 59 F.3d 307, 315 (2d Cir. 1995) (acknowledging that the opinions of consultative examiners, as well as the plaintiff's own testimony, may constitute substantial evidence supporting the ALJ's decision).

### B.      Evaluation of Plaintiff's Stress

Plaintiff also argues that the ALJ erred by failing to evaluate properly the impact of stress on her ability to work. *See* Dkt. 4-1 at 13–14. Generally speaking, "because stress is highly individualized, mentally impaired individuals may have difficulty meeting the requirements of even so-called low-stress jobs, and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his or her ability to work." *Herb v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 441, 447 (W.D.N.Y. 2019) (citation modified).

Such obligation, however, only arises once the ALJ has found that the claimant suffers from at least one severe medically determinable mental impairment. *See* SSR 85-15, 1985 WL 56857, at *1 (Jan. 1, 1985) ("If a person has a severe medically determinable [mental] impairment which, though not meeting or equaling the criteria in the Listing of Impairments, prevents the person from doing past relevant work, it must be determined whether the person can do other work[;] [t]his involves a consideration of the person's RFC and the vocational factors of age, education, and work experience."). Because the ALJ determined that Plaintiff did not suffer from any medically determinable mental impairments, and because that determination was supported by substantial evidence, Plaintiff is not entitled to remand based on the ALJ's purported failure to consider the impact of stress on her ability to work.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 8) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 4).  The Clerk of the Court will close this case.


SO ORDERED.


Dated:       May 5, 2026
              Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

9